Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50160 | **DATE** | 11/13/2001 |
| **CASE TITLE** | Whitney vs. Peregrine Systems, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the court grants Peregrine's motion to dismiss. This case is hereby dismissed in its entirety without prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 14 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | NOV 14 2001 | |
| /SEC | courtroom deputy's initials | 2001 NOV 13 PM 3:13 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, James W. Whitney, Sr., filed a two-count complaint in an Illinois state court, since removed by defendant, Peregrine Systems, Inc. ("Peregrine"), to this court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction, see id. §1332. Both counts allege breach of contract and also request relief under the Illinois Sales Representative Act, 820 ILL. COMP. STAT. 120/0.01 et seq. ("ISRA"). The court has diversity jurisdiction as Whitney is a citizen of Illinois, Peregrine is a Delaware corporation with its principal place of business in California, and the amount in controversy is alleged to exceed $75,000. See 28 U.S.C. §1332. Peregrine has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), relying on an arbitration agreement between it and Whitney and, implicitly, the Federal Arbitration Act, 9 U.S.C. §1 et seq. ("FAA"), to divest this court of subject matter jurisdiction.

In response to Peregrine's motion, Whitney argues the arbitration agreement is not enforceable for two reasons. He summarily and without citation of authority claims the "Invention and Non-Disclosure, and Arbitration Agreement" ("the Agreement"), in which the arbitration clause is found, was not freely negotiated because he was required to sign it as a condition of his employment and because he was not advised to seek the advice of counsel. (Pl. Resp., p. 4) However, Whitney's claim of duress, besides being poorly developed, is a non-starter because it goes only to the Agreement as a whole, not the arbitration clause itself. See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-404 (1967); D.C. Taylor, Co. v. Dynamit Nobel of Am., Inc., 558 F. Supp. 875, 878 (N.D. Ill. 1982). Because the arbitration clause contained within the Agreement is more than broad enough to cover Whitney's duress defense, this is an issue for the arbitrator to decide in the first instance. See Prima Paint, 388 U.S. at 406; Schacht v. Beacon Ins. Co., 742 F.2d 386, 389 (7th Cir. 1984) (citing Matterhorn, Inc. v. NCR Corp., 727 F.2d 629, 630 n.3 (7th Cir. 1984)).

Whitney's main argument is that the arbitration agreement is not enforceable because it contains choice of law and venue selection provisions that are void as against the fundamental public policy of Illinois as embodied in the ISRA. See 820 ILL. COMP. STAT. 120/2 ("Any provision in any contract between a sales representative and principal purporting to waive any of the provisions of this Act shall be void."). Since the Agreement specifically provides that arbitration shall take place in San Diego, California, and be governed by California law, Whitney maintains he will be unable to effectively vindicate his claims under the ISRA. Once again, though, Whitney's argument misses the point. Whether the choice of law and choice of forum clauses are invalid under the ISRA is a separate and distinct issue from "the making of the agreement for arbitration or the failure to comply therewith." 9 U.S.C. § 4. Because Peregrine's motion to dismiss concerns only the latter, the court need not address the former. See We Care Hair Dev., Inc. v. Engen, 180 F.3d 838, 844 (7th Cir. 1999). In other words, because Peregrine seeks only to enforce the arbitration agreement, as opposed to an arbitration award, Whitney should direct his arguments about the validity of the choice of law and forum provisions to the arbitrator, not this court. Cf. Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer, 515 U.S. 528, 540-41 (1995) ("Were there no subsequent opportunity for review and were [the court] persuaded that 'the choice-of-forum and choice-of-law clauses operated in tandem as a prospective waiver of a party's right to pursue statutory remedies ..., [the court] would have little hesitation in condemning the agreement as against public policy.'") (quoting Mitsubishi Motors, Corp. v. Soler Chrysler-Plymouth, 473 U.S. 614, 637 n.19 (1985)). Moreover, all of this depends initially on the assumption that Whitney is covered by the ISRA – an assumption Peregrine challenges in its reply brief on the basis that Whitney was Peregrine's employee, as opposed to an independent sales agent. See O'Brien v. Omni Pro Electronics, Inc., No. 96 C 50043, 1996 WL 459853, at *5 (N.D. Ill. Aug. 13, 1996) (Reinhard, J.). But this too is another matter for the arbitrator to take up in the first instance.

When all of the issues raised in the complaint are subject to arbitration, it is proper for the court to simply dismiss the case. See Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992); U.S. & Int'l Travel & Tours, Inc. v. Tarom - S.A., S.C. Compania Nationala de Transporturi Aeriene Romane, 98 F. Supp. 2d 979, 981 (N.D. Ill. 2000); Merchant v. Weissman, No. 97 C 2205, 1997 WL 695674, at *5 (N.D. Ill. Nov. 3, 1997). That is the situation here.

For the reasons stated above, the court grants Peregrine's motion to dismiss. This case is hereby dismissed in its entirety without prejudice.